**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| THOMAS MURTHA, DVM | ) | |
|  | ) | |
| Plaintiff | ) | |
| v. | ) | |
|  | ) | DOCKET NO. |
| VETERINARY INFORMATION NETWORK, INC. and DAVID DYCUS, DVM | ) | |
|  | ) | |
| Defendants | ) | |

**COMPLAINT AND JURY DEMAND**

**I.   INTRODUCTION**

1. Thomas Murtha, DVM ("Dr. Murtha") brings this complaint for defamation against Veterinary Information Network, Inc. ("VIN") and David Dycus, DVM ("Dr. Dycus") for statements made by Dr. Dycus, individually and in his capacity as a representative of VIN, falsely accusing Dr. Murtha of improper professional conduct and practice, posted on the VIN message board that is controlled by VIN.

2. Dr. Murtha is a Massachusetts veterinarian who has practiced veterinary medicine for more than 39 years. He has worked for decades to develop and perfect a method of performing cranial cruciate ligament ("CCL") repair surgery for canines. Tearing the CCL is the most common orthopedic injuries for dogs. Dr. Murtha's method, for which he has received a patent, is known as multi-filament load sharing, known as MFLS.

3. MFLS is an alternative and more effective treatment to the most commonly-performed canine cruciate ligament repair surgery, which is known as Tibial Plateau Leveling Osteotomy ("TPLO").

1

4.  Defendant VIN owns and operates a veterinary news service, including its website located at www.vin.com. It also operates a Veterinary Message Board (the "Message Board"), for members of VIN, which is monitored and edited by consultants for VIN, including the Defendant Dr. Dycus. This message board is monitored and used by leading veterinarians around the country.

5.  In November 2021, a member of VIN posted on the Message Board about Dr. Murtha's MFLS method.

6.  In response, on November 30, 2021, Dr. Dycus posted the following:

> **10. Posted By David Dycus on 11/30/21 13:32 ET** 0eccdde3-fb48-4f7e-ad3e-6be5ee85eee9.1672857799
>
> Im usually pretty nice and try to polite but this is garbage. He's not doing anything amazing other than using multiple strains of NLL to perform an extra-cap repair.
>
> This website gets brought up from time to time and it's like an info commercial. He claims 100% success; however, if you talk to rDVMs, rehab therapist, and other surgeons in that area and they see all the disasters that come with his work.
>
> At least we can be thankful that he doesn't have a tv show to further mislead people...
>
> David Dycus, DVM, MS, CCRP
> Diplomate, American College of Veterinary Surgeons - Small Animal
>
> Chief of Orthopedic Surgery,
> Nexus Veterinary Bone and Joint Center
>
> Medical Director,
>
> s://www.vin.com/Members/Boards/DiscussionReadOnly.aspx?DocumentID=10605605&Print=1                3/4
>
> ---
>
> 23, 1:43 PM          VIN Message Boards Discussion - Is The Multi Filament Load Sharing (MLFS) Technique Being Promoted As A New Cruciate Liga...
>
> Nexus Veterinary Specialists
> www.nexusvet.com
>
> Co-Founder/Co-Director
> Veterinary Sports Medicine and Rehabilitation Institute (VSMRI)
> www.vsmri.com
>
> VIN Orthopedic Consultant

7. The statement that Dr. Murtha claimed a 100% success rate is false and defamatory. The statement that Dr. Murtha's website misled people is also false and defamatory.

8. When Dr. Murtha insisted on an apology, Dr. Paul Pion of VIN called Dr. Murtha and told his receptionist that if Dr. Murtha continued to push for an apology, a "the thing he didn't want to happen" would in fact happen to him, and he "could open up a can of worms that I don't think he wants to happen."

9. Dr. Pion's warning turned out to be true. Since the dispute on the Message Board, Dr. Murtha's professionalism and qualifications have come under attack, including at the Massachusetts Board of Veterinary Registration, where a number of complaints are now pending against him.

## II.     PARTIES

10. Dr. Murtha is an individual residing and conducting business in Massachusetts.

11. VIN is a California corporation with a principal place of business in Davis, California.

12. Dr. Dycus is an individual residing in Baltimore, Maryland.

## III.     JURISDICTION AND VENUE

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Jurisdiction also arises under 28 USC §1331, in that this Complaint invokes a federal questions arising under the Sherman Act, 15 U.S.C. § 1 in the form of collusion in restraint of trade and under the Lanham Act, 15 U.S.C. § 1125. At the time the Defendants committed their harm, the Defendants knew that Dr. Murtha resided in Massachusetts and intended to harm him there.

14. Venue is proper in this Court in that Dr. Murtha resides here and the torts in question

occurred here.

## IV.     FACTS

15. Dr. Murtha graduated from Tufts University School of Veterinary Medicine in 1985 and he established his own clinical practice in 1987.

16. As a licensed Doctor of Veterinary Medicine in the Commonwealth, Dr. Murtha is authorized to perform surgery on animals, including dogs.

### A.   *Canine cruciate injuries and their treatment*

17. The CCL, the canine equivalent of a human's ACL, is one of the main stabilizing structures of the knee joint. Like the ACL, CCL ruptures are a common orthopedic injury for dogs. The market for CCL repairs is in the billions of dollars every year.

18. When Dr. Murtha first started practicing as a veterinarian, there was no surgical procedure available that reliably stabilized the knee of larger dogs who suffered a CCL rupture. Dr. Murtha began researching potential methods to surgically stabilize the canine knee, focused on load sharing and distribution of physical forces.

19. Meanwhile, Dr. Barclay Slocum, DVM, of Oregon was developing his own procedure for CCL stabilization, that became known as "TPLO" (tibial plateau leveling osteotomy).

20. Dr. Slocum's development was met with significant resistance in the veterinary medical community, perhaps largely because he chose to apply for, and receive, a patent on the method and the instruments used in the procedure. In an article posted on its website, VIN describes the reaction of the veterinarian community a "firestorm." (*See* https://www.vin.com/vetzinsight/default.aspx?pid=756&catId=-1&id=6127944).

21. Acceptance of the TPLO procedure by veterinarians came slowly, in part because TPLO has its roots in Dr. Slocum's use and analysis of force driven techniques, rather than a

straightforward anatomically based approach.  Likely, too, his decision to patent the procedure, and the firestorm of criticism that move engendered, resulted in a delay of its acceptance.

22. Now, however, the TPLO procedure is the most widely-used method in CCL surgery and Dr. Slocum, who died in 2001, is hailed by veterinarians worldwide. Indeed, even though Dr. Slocum was never board certified as a veterinary surgeon, he was awarded a posthumous Merit Award by the American College of Veterinary Surgeons and even VIN refers to him as a "surgeon."

(https://www.vin.com/vetzinsight/default.aspx?pid=756&catId=-1&id=6127944)

23. Like Dr. Slocum, Dr. Murtha is not a board-certified veterinary surgeon.  Like Dr. Slocum, he spent many years developing, and then patenting, his MFLS procedure.  And like Dr. Slocum, his procedure met with a "firestorm" of criticisms, none of which are scientifically based but instead stem largely from the same territorial mentality of board-certified veterinary surgeons that likely fed the resistance to the TPLO procedure.

24. Dr. Murtha's MFLS procedure restabilizes the knee of a dog who has suffered a CCL rupture by surgically implanting multiple synthetic nylon filaments in strategic locations, which are multiple times as strong as the load that will be borne by the dog's surgically repaired knee. If accepted in the veterinary community, Dr. Murtha stood to make hundreds of millions of dollars per year.

25. Dr. Murtha's practice is located in North Andover, MA.  Dog owners from all over New England, and in fact the country, come to Dr. Murtha' Canine Cruciate Center (www.aclvet) at the North Andover Haverhill Animal Hospital for evaluation, diagnosis, and surgery.

5

B.  *VIN Message Board*

26. Dr. Murtha is a careful and committed surgeon who has worked for years to develop the MFLS surgical procedure. MFLS has provided countless canines with important surgical relief, and Dr. Murtha has worked for many years to improve and implement it to the benefit of canines he has operated on.

27. VIN operates a members-only message board for veterinarians to post and comments about issues in the practice. VIN controls the message board and polices its content.

28. On November 28, 2021, Dr. Richard Freedman posted a link to the Canine Cruciate Center's website (www.aclvet.com) and asked: "Does this sound like quackery or do I need more light in my Cave?"

29. Dr. Freedman's inquiry spurred a number of comments, including by the Defendant, Dr. Dycus, who wrote the following on November 30, 2021:

> **10. Posted By David Dycus on 11/30/21 13:32 ET** 0eccdde3-fb48-4f7e-ad3e-6be5ee85eee9.1672857799
>
> Im usually pretty nice and try to polite but this is garbage. He's not doing anything amazing other than using multiple strains of NLL to perform an extra-cap repair.
>
> This website gets brought up from time to time and it's like an info commercial. He claims 100% success; however, if you talk to rDVMs, rehab therapist, and other surgeons in that area and they see all the disasters that come with his work.
>
> At least we can be thankful that he doesn't have a tv show to further mislead people...
>
> David Dycus, DVM, MS, CCRP
> Diplomate, American College of Veterinary Surgeons - Small Animal
>
> Chief of Orthopedic Surgery,
> Nexus Veterinary Bone and Joint Center
>
> Medical Director,
> Nexus Veterinary Specialists
> www.nexusvet.com
>
> Co-Founder/Co-Director
> Veterinary Sports Medicine and Rehabilitation Institute (VSMRI)
> www.vsmri.com
>
> VIN Orthopedic Consultant

30. Dr. Dycus published his post as a consultant to VIN.

31. Dr. Matthew Sherwood chimed in on November 30, 2021 by stating:

> "I try to be professional but this website crosses the line and I feel like the state board should be involved."

32. On December 4, 2021, Dr. James Fingeroth added:

> "While the ABVS and AVMA set the 'rules' for what people should or should not due to promote themselves or to suggest they are board-certified specialists, there are no 'ethics police' who actually have the power to reprimand or require a cease and desist, other than state boards. And I don't think most state boards bother themselves too much about actions like these, unless a client or patient is harmed."

33. Dr. Murtha was made aware of the thread on the VIN Message Board, and he was offered an opportunity to respond. He did so, pointing out that Dr. Dycus, in particular, had made

assertions that were categorically false and harmful to his reputation, for which there would be consequences.

34. On December 21, 2021, Dr. Dycus responded to Dr. Murtha's comment by asserting that "Your website is full of disinformation and his misleading to clients." In making this statement, Dr. Dycus again defamed Dr. Murtha.

35. Dr. Dycus further added that "Given Im [sic] not the one with a website of false claims and no scientific merit, I would urge caution with respect to your threats.

36. Dr. Murtha pushed for an apology. Dr. Paul Pion, president and co-founder of VIN, sought to intervene in the dispute and to urge Dr. Murtha to withdraw his demand for an apology.

37. When Dr. Murtha refused to do so, Dr. Pion called him on August 4, 2022 and indicated that while an apology would be forthcoming, he was not sure Dr. Murtha should push for it, threatening that "the thing he didn't want to happen" would, in fact, happen to him, and he "could open up a can of worms that I don't think he wants to happen."

38. On August 4, 2022, Dr. Dycus posted the following:

> "Although my intent was not to defame Dr. Murtha, but rather to offer my personal opinion amongst colleagues, I got some of it wrong and could have chosen other language. I regret my post, and offer my apologies to Dr. Murtha."

39. Alongside this note, Dr. Dycus posted a letter from Dr. Murtha's attorney that made clear Dr. Dycus' retraction and apology was disingenuous and forced.

40. The Defendants have acted maliciously and false to facts known to them in claiming that Dr. Murtha has made misrepresentations on his website in order to deceive the public. That accusation strikes at the heart of his scientific efforts, is defamatory, and has caused him substantial harm.

41. Both VIN and Dr. Dycus were aware that the defamatory information that they were publishing on the VIN message board was being read in Massachusetts and both intended for the defamatory statements to impact Dr. Murtha in Massachusetts. Their purpose in publishing the statements was to impact Dr. Murtha's practice in Massachusetts. As a result, they have subjected themselves to the jurisdiction of Massachusetts courts.

### C. Complaints at the Board of Registration

42. Notwithstanding Dr. Dycus' apology, the matter did not end. Indeed, as Dr. Pion warned, a "can of worms" was opened for Dr. Murtha at the Massachusetts Board of Registration in Veterinary Medicine (the "Board"), where there are now multiple complaints pending against him, including one for misrepresenting that he was a surgical specialist.

43. These complaints pending against Dr. Murtha at the Board can be directly traced to the defamatory statements made by the Defendants.

## COUNT I
## DEFAMATION

44. Dr. Murtha repeats and realleges each of the foregoing allegations as if specifically stated herein.

45. The false statements made by Dr. Dycus, as a consultant of VIN, and published by VIN, are defamatory per se and tend to injury Dr. Murtha in his profession because they falsely impute to Dr. Murtha scientific deceit. The Defendants knew or should have known the statements were false when made.

46. The aforementioned statements proximately caused Dr. Murtha damages in the form of injury to his reputation, loss of income, and the expense of defending baseless claims at the Massachusetts Board of Registration in Veterinary Medicine.

9

47. The aforementioned false and defamatory statement were made and published by the Defendant with actual malice and either knowledge of their falsity or in reckless disregard of the truth or falsity of the statements.

48. The Defendants cooperated amongst themselves in publishing the false statements and are jointly and severally liable to Dr. Murtha for his damages.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT

49. Dr. Murtha repeats and realleges each of the foregoing allegations as if previously stated herein.

50. At the time they made the statements described above, the Defendants knew that Dr. Murtha had customers.

51. Intending to deprive Dr. Murtha of those customers, the Defendants used defamatory statements aimed at persuading those customers to take their business elsewhere, and convinced others to file complaints with the Board.

52. As a result of those defamatory statements, customers did, in fact, stop doing business with Dr. Murtha.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

53. Dr. Murtha repeats and realleges each of the foregoing allegations as if previously stated herein.

54. At the time they made the statements described above, the Defendants knew that Dr. Murtha had customers.

55. Intending to deprive Dr. Murtha of those customers, the Defendants used defamatory statements aimed at persuading those customers to take their business elsewhere, and convinced others to file complaints with the Board.

56. As a result of those defamatory statements, customers did, in fact, stop doing business with Dr. Murtha.

## COUNT IV
## COLLUSION IN RESTRAINT OF TRADE, 15 U.S.C. § 1

57. Dr. Murtha repeats and realleges each of the foregoing allegations as if previously stated herein.

58. The Defendants conspired to suppress Dr. Murtha's MFLS procedure and prevent it from becoming accepted among the veterinarian community.

59. The Defendants agreed to employ unlawful measures in the form of defamatory statements, accordingly, the measures were, on their face, unreasonable.

## COUNT V
## BRAND DISPARAGEMENT

60. Dr. Murtha repeats and realleges each of the foregoing allegations as if previously stated herein.

61. The Defendants made statements, presented as fact, that were false and defamatory.

62. The statements were shared with third parties.

63. As a direct result of these statements, Dr. Murtha suffered actual damages.

64. The statements were made with malice or reckless disregard for the truth.

## COUNT VI
## PRODUCT DISPARAGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125

65. Dr. Murtha repeats and realleges each of the foregoing allegations as if previously stated herein.

66. The Defendants made false or misleading statements about Dr. Murtha's product and services that are demonstrably false or misleading.

67. The false statement must have been made in a commercial context in that they were posted on a message board where veterinarians likely to use Dr. Murtha's MFLS surgical procedure were likely to view them and others likely to refer customers to Dr. Murtha were also likely to see them.

68. The false statements are likely to deceive these veterinarians and, thus, influence these veterinarians' decisions to do business with Dr. Murtha or use his procedure.

69. The statements caused actual harm to Dr. Murtha's practice in the form of loss of reputational harm and loss of business, crippling his ability to get his procedure accepted in the veterinarian community, and prompted complaints with the Board.

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Murtha respectfully prays for relief as follows:

1. That the Court enter judgment on his behalf on each count of its Complaint.

2. For an award of damages in excess of $10 million, sufficient to compensate him for his damages, plus interest, costs and attorney's fees.

3. Such other relief as this Court deems just and appropriate.

For these claims, Dr. Murtha requests a trial by jury of his peers.

              Respectfully submitted,
              Thomas Murtha
              By his Attorney,


                 <u>/s/ Timothy Cornell</u>

              Timothy Cornell BBO 654412
              Cornell Dolan, P.C.
              Ten Post Office Square, Suite 800 South
              Boston, MA 02109
              617-850-9036
              *tcornell@cornelldolan.com*

DATE:  November 29, 2024